UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY<br>as subrogee of<br>Temple Beth El of Allentown, Inc.<br>62 Maple Avenue<br>Keene, NH 03431<br><br>          Plaintiff,<br><br>v.<br><br>MYERS POWER PRODUCTS, INC.<br>44 S. Commerce Way<br>Bethlehem, PA 18017<br><br>          Defendant. | CIVIL ACTION<br>NO.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Ohio Security Insurance Company, by and through its undersigned counsel, Cozen O'Connor, hereby files this Complaint against Defendant Myers Power Products, Inc., and in support thereof avers as follows:

### PARTIES

1. Plaintiff herein, Ohio Security Insurance Company (hereinafter "Ohio Security") is a corporation duly organized and existing under the laws of the State of New Hampshire with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire, 03431, and at all times hereinafter mentioned was authorized to do business in the Commonwealth of Pennsylvania as an insurance company.

2. Defendant herein, Myers Power Products, Inc. (herein after "Myers"), is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 44 S. Commerce Way, Bethlehem, Pennsylvania, 18017,

and at all times hereinafter mentioned was engaged in the business of, *inter alia*, manufacturing, selling, installing and servicing back-up power supply systems including battery back-up power supply systems.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1332 as the events giving rise to the claims at issue occurred within this judicial district and Defendant is subject to personal jurisdiction within the district.

## FACTS

5. At all times material hereto, Plaintiff Ohio Security provided insurance coverage to Temple Beth El of Allentown, Inc. ("Temple Beth El") with respect to the real and business property located at 1305 Springhouse Road, Allentown, Pennsylvania, 18104 (hereinafter "the Synagogue" and/or "the Building").

6. Prior to June 2006, Temple Beth El purchased a battery powered backup power supply system from defendant Myers which defendant Myers installed at the Synagogue.

7. Defendant Myers provided maintenance and service to the battery backup power supply system at the Synagogue on a periodic basis from 2006 through 2016.

8. Defendant Myers performed maintenance and service of the battery powered back-up power supply system at the Synagogue on February 18, 2016 at which time Myers replaced one battery.

9. On May 29, 2016, a fire occurred in one of the battery backup power supply system cabinets housing batteries.

10. The fire caused extensive damage to the Synagogue.

11. Pursuant to the terms and conditions of its contract of insurance, Plaintiff Ohio Security has made payments to Temple Beth El of Allentown, Inc. in an amount in excess of $240,000, representing the fair of reasonable value to repair and replace the damaged real and business property.

12. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff Ohio Security is subrogated to the rights of Temple Beth El against all parties responsible for the occurrence of said damages.

## COUNT I – NEGLIGENCE

13. Plaintiff Ohio Security incorporates by reference the allegations in the foregoing paragraphs as though fully set forth at length herein.

14. The fire and consequent damages sustained by the Synagogue were caused by the negligence, carelessness and negligent omissions of Defendant Myers, its agents, servants and/or employees acting within the course and scope of their employment in:

    a. failing to properly inspect, test and maintain the battery backup power supply system;

      b.    failing to properly hire, train, coordinate and/or supervise the work of its agents, employees, servants and/or subcontractors;

      c.    failing to change out older batteries that were subject to failure;

      d.    failing to replace batteries that were beyond their expected life expectancy;

      e.    failing to inspect, test, clean, tighten and torque inter-battery electrical connections;

      f.    failing to discover that the batteries were subject to the risk of fire;

      g.    leaving the battery backup power supply in a condition that exposed the unit to risk of fire;

      h.    failing to warn the Synagogue of the aforesaid dangerous conditions;

      i.    failing to take all necessary and reasonable precautions to safeguard the Synagogue against the risk of harm;

      j.    causing and/or allowing the fire to occur;

      k.    otherwise failing to use due care under the circumstances.

15.    As a direct and proximate result of the foregoing, Plaintiff sustained damages as of foresaid, for which Defendant Myers is liable.

WHEREFORE, Plaintiff Ohio Security demands judgment against Defendant Myers in an amount in excess of $240,000 together with interest and the cost of this action.

                                    COZEN O'CONNOR

                                    BY: _____
                                         STEVEN K. GERBER, ESQUIRE
                                         One Liberty Place, Suite 2800
                                         1650 Market Street
                                         Philadelphia, PA 19103
                                         T: 215-665-2088
                                         F: 215-701-2088
                                         sgerber@cozen.com

                                    *Attorneys for Ohio Security Insurance Company a/s/o Temple Beth El of Allentown, Inc.*