# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, *AS SUBROGEE OF TEMPLE BETH EL OF ALLENTOWN, INC.* <br><br> v. <br><br> MYERS POWER PRODUCTS, INC. <br><br> v. <br><br> LEOCH BATTERY <br> 19751 Descartes, Unit A <br> Foothill, CA 92610 | Civil Action No. 5:18-cv-01438 |

### THIRD-PARTY COMPLAINT OF MYERS POWER PRODUCTS, INC. AGAINST LEOCH BATTERY

1. Attached hereto as Exhibit 1 is the complaint alleging a subrogation claim based upon payments made as a result of a fire that caused damage to Temple Bet El of Allentown, Inc. (Temple) The fire was allegedly caused by a back-up power supply unit.

2. Attached hereto as Exhibit 2 is the Answer filed on behalf of Myers Power Products, Inc. (Myers) to the complaint.

3. Leoch Battery (Leoch) is located at 19751 Descartes, Unit A, Foothill Ranch, CA 92610.

4. Leoch was a the manufacturer and supplier of the batteries contained in the back-up power supply unit that allegedly caused the fire and resulting damages at the Temple.

5. If it is proven that the fire which is the subject of the complaint was related to the back-up power system described in the complaint, then the fire would have been caused by the batteries supplied by Leoch.

6. If the batteries caused the alleged fire, the batteries either malfunctioned or were defectively manufactured or designed.

7. If Myers is determined to be liable to the plaintiff on the cause allege, then Myers seeks a judgment against Leoch based upon a theory of contribution to the extent that the answering defendant discharges the liability of Leoch for the damages alleged in the complaint.

8. Alternatively, Myers seeks a judgment for common law indemnity based upon the fact the Leoch is primarily liable for damages caused by defective or malfunctioning batteries placed in the stream of commerce by Leoch and contained in the back-up power supply system that is referenced in the complaint.

WHEREFORE, Defendant Myers seeks judgment in its favor.

By: _____
John J. Hatzell, Jr., Esquire
PA Attorney ID No. 38548
HADDIX AND ASSOCIATES
1650 Market Street
39th Floor
Philadelphia, PA 19103
(215) 255-6400 phone
(215) 933-3207 fax
John.Hatzell@aig.com

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, <br> *AS SUBGROGEE OF TEMPLE BETH EL OF* <br> *ALLENTOWN, INC.* <br><br> v. <br><br> MYERS POWER PRODUCTS, INC. <br><br> v. <br><br> LEOCH BATTERY <br> 19751 Descartes, Unit A <br> Foothill, CA 92610 | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 5:18-cv-01438 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

A true and correct copy of the attached document was served through the electron filing system and/or by regular U.S. mail upon the following:

Steven K. Gerber, Esquire
COZEN AND O'CONNOR
1900 Market Street, the Atrium
Philadelphia, PA 19103

                                               HADDIX and ASSOCIATES

By: _____
John J. Hatzell, Jr., Esquire
PA Attorney ID No. 38548
HADDIX AND ASSOCIATES
1650 Market Street
39th Floor
Philadelphia, PA 19103
(215) 255-6400 phone
(215) 933-3207 fax
John.Hatzell@aig.com

EXHIBIT 1 – COMPLAINT

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, *AS SUBROGEE OF TEMPLE BETH EL OF ALLENTOWN, INC.* <br> *Plaintiff(s)* <br> v. <br><br> MYERS POWER PRODUCTS, INC. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.  18-1438 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Myers Power Products, Inc.
44 S. Commerce Way
Bethlehem, PA   18017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
STEVEN K. GERBER
COZEN AND O'CONNOR
1900 MARKET STREET
THE ATRIUM
PHILA, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____4/05/2018_____         _____
                                  *Signature of Clerk or Deputy Clerk*

Civil Action No.   18-1438

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*: _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Ohio Security Insurance Company as Subrogee of Temple Beth El of Allentown, Inc. | : <br> : <br> : **CIVIL ACTION** <br> : |
| v. | : <br> : |
| Myers Power Products, Inc. | : **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  (x)

| 4/5/18 | Steven K. Gerber | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-2088 | 215-665-2013 | sgerber@cozen.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

LEGAL\35066891\1

UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY<br>as subrogee of<br>Temple Beth El of Allentown, Inc.<br>62 Maple Avenue<br>Keene, NH 03431<br><br>              Plaintiff,<br><br>v.<br><br>MYERS POWER PRODUCTS, INC.<br>44 S. Commerce Way<br>Bethlehem, PA 18017<br><br>              Defendant. | CIVIL ACTION<br>NO.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Ohio Security Insurance Company, by and through its undersigned counsel, Cozen O'Connor, hereby files this Complaint against Defendant Myers Power Products, Inc., and in support thereof avers as follows:

## PARTIES

1.    Plaintiff herein, Ohio Security Insurance Company (hereinafter "Ohio Security") is a corporation duly organized and existing under the laws of the State of New Hampshire with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire, 03431, and at all times hereinafter mentioned was authorized to do business in the Commonwealth of Pennsylvania as an insurance company.

2.    Defendant herein, Myers Power Products, Inc. (herein after "Myers"), is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 44 S. Commerce Way, Bethlehem, Pennsylvania, 18017,

and at all times hereinafter mentioned was engaged in the business of, *inter alia*, manufacturing, selling, installing and servicing back-up power supply systems including battery back-up power supply systems.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1332 as the events giving rise to the claims at issue occurred within this judicial district and Defendant is subject to personal jurisdiction within the district.

## FACTS

5. At all times material hereto, Plaintiff Ohio Security provided insurance coverage to Temple Beth El of Allentown, Inc. ("Temple Beth El") with respect to the real and business property located at 1305 Springhouse Road, Allentown, Pennsylvania, 18104 (hereinafter "the Synagogue" and/or "the Building").

6. Prior to June 2006, Temple Beth El purchased a battery powered backup power supply system from defendant Myers which defendant Myers installed at the Synagogue.

7. Defendant Myers provided maintenance and service to the battery backup power supply system at the Synagogue on a periodic basis from 2006 through 2016.

8. Defendant Myers performed maintenance and service of the battery powered back-up power supply system at the Synagogue on February 18, 2016 at which time Myers replaced one battery.

9. On May 29, 2016, a fire occurred in one of the battery backup power supply system cabinets housing batteries.

10. The fire caused extensive damage to the Synagogue.

11. Pursuant to the terms and conditions of its contract of insurance, Plaintiff Ohio Security has made payments to Temple Beth El of Allentown, Inc. in an amount in excess of $240,000, representing the fair of reasonable value to repair and replace the damaged real and business property.

12. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff Ohio Security is subrogated to the rights of Temple Beth El against all parties responsible for the occurrence of said damages.

## COUNT I – NEGLIGENCE

13. Plaintiff Ohio Security incorporates by reference the allegations in the foregoing paragraphs as though fully set forth at length herein.

14. The fire and consequent damages sustained by the Synagogue were caused by the negligence, carelessness and negligent omissions of Defendant Myers, its agents, servants and/or employees acting within the course and scope of their employment in:

    a. failing to properly inspect, test and maintain the battery backup power supply system;

3

    b.    failing to properly hire, train, coordinate and/or supervise the work of its agents, employees, servants and/or subcontractors;

    c.    failing to change out older batteries that were subject to failure;

    d.    failing to replace batteries that were beyond their expected life expectancy;

    e.    failing to inspect, test, clean, tighten and torque inter-battery electrical connections;

    f.    failing to discover that the batteries were subject to the risk of fire;

    g.    leaving the battery backup power supply in a condition that exposed the unit to risk of fire;

    h.    failing to warn the Synagogue of the aforesaid dangerous conditions;

    i.    failing to take all necessary and reasonable precautions to safeguard the Synagogue against the risk of harm;

    j.    causing and/or allowing the fire to occur;

    k.    otherwise failing to use due care under the circumstances.

15.    As a direct and proximate result of the foregoing, Plaintiff sustained damages as of foresaid, for which Defendant Myers is liable.

WHEREFORE, Plaintiff Ohio Security demands judgment against Defendant Myers in an amount in excess of $240,000 together with interest and the cost of this action.

                                                COZEN O'CONNOR

                                                BY: _____
                                                STEVEN K. GERBER, ESQUIRE
                                                One Liberty Place, Suite 2800
                                                1650 Market Street
                                                Philadelphia, PA 19103
                                                T: 215-665-2088
                                                F: 215-701-2088
                                                sgerber@cozen.com

                                                *Attorneys for Ohio Security Insurance Company a/s/o Temple Beth El of Allentown, Inc.*

EXHIBIT 2 – ANSWER

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

OHIO SECURITY INSURANCE COMPANY,  )
*AS SUBROGEE OF TEMPLE BETH EL OF*  )
*ALLENTOWN, INC.*  )
  )
v.  )  Civil Action No. 5:18-cv-01438
  )
MYERS POWER PRODUCTS, INC.  )

### ANSWER OF MYERS POWER PRODUCTS, INC.

1. Denied. The corresponding allegation is denied because it refers to a party other than the answering defendant.

2. Admitted in part. The corresponding allegation is denied to the extent that it alleges that the answering defendant manufactured the batteries contained in the battery back-up power supply system that is a subject of this case.

### JURISDICTION AND VENUE

3-4. The corresponding allegations are not disputed.

### FACTS

5. Denied. After reasonable investigation answering defendant lacks sufficient knowledge or information necessary to form a belief as to the truth of the corresponding allegation.

6. Admitted in part. It is denied that Temple Beth El purchased a battery powered backup power supply system directly from the answering defendant. It is believed that the system was obtained from a contractor performing services for the Temple, Alvin H. Butz.

7. Admitted.

8. Denied as stated. Answering defendant denies the characterization of the services provided on February 18, 2016 as not a complete statement of the services provided.

9. Admitted.

10. Denied. The term "extensive" is susceptible to varied interpretation so the corresponding allegation is denied. It is admitted that the Temple sustained fire damage.

11-12 Denied. After reasonable investigation answering defendant lacks sufficient knowledge or information necessary to form a belief as to the truth of the corresponding allegations.

## COUNT I – NEGLIGENCE

13. Paragraphs 1-12 are incorporated by reference.

14-15. Denied. The corresponding allegations set forth legal conclusions requiring no response. It is denied that the answering defendant acted negligently and that the fire was caused by any negligent conduct of the answering defendant.

WHEREFORE, Myers Power Products, Inc. seeks judgment in if favor.

By: *John J. Hatzell, Jr., Esquire /s/*
John J. Hatzell, Jr., Esquire
PA Attorney ID No. 38548
HADDIX AND ASSOCIATES
1650 Market Street
39th Floor
Philadelphia, PA 19103
(215) 255-6400 phone
(215) 933-3207 fax
John.Hatzell@aig.com

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

OHIO SECURITY INSURANCE COMPANY, )
*AS SUBGROGEE OF TEMPLE BETH EL OF* )
*ALLENTOWN, INC.* )
)
v. ) Civil Action No. 5:18-cv-01438
)
MYERS POWER PRODUCTS, INC. )

## CERTIFICATE OF SERVICE

A true and correct copy of the attached document was served through the electronic filing system and/or by regular mail to the following:

Steven K. Gerber, Esquire
COZEN AND O'CONNOR
1900 Market Street, the Atrium
Philadelphia, PA 19103


        HADDIX and ASSOCIATES

By: *John J. Hatzell, Jr., Esquire /s/*
    John J. Hatzell, Jr., Esquire
    PA Attorney ID No. 38548
    HADDIX AND ASSOCIATES
    1650 Market Street
    39th Floor
    Philadelphia, PA 19103
    (215) 255-6400 phone
    (215) 933-3207 fax
    John.Hatzell@aig.com